**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 9 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

---

ERNEST RICHARDSON,

      Plaintiff-Appellant,

vs.

MISSOURI PACIFIC RAILROAD
COMPANY, a railroad corporation
d/b/a Union Pacific Railroad
Company,

      Defendant-Appellee.

No. 97-7139

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 96-CV-617-B)

---

Edward J. Kionka, Carbondale, Illinois, for Plaintiff-Appellant.

Jeannie C. Henry (Tom L. Armstrong and Catherine M. Doud, with her on the
brief), of Tom L. Armstrong & Associates, Tulsa, Oklahoma, for
Defendant-Appellee.

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

      Plaintiff-Appellant Ernest Richardson brought this action against

Defendant-Appellee, Missouri Pacific Railroad Company d/b/a Union Pacific

Railroad Company ("Union Pacific"), under the Boiler Inspection Act, 49 U.S.C. §§ 20701-03 ("BIA"), formerly 45 U.S.C. § 23. Violations of this statute are brought under FELA; the purpose of these provisions is to protect railroad employees by imposing "'an absolute and continuing duty' to provide safe equipment." Richardson v Consolidated Rail Corp., 17 F.3d 213, 216 (7th Cir. 1994) (quoting Urie v. Thompson, 337 U.S. 163, 188 (1949)). On April 30, 1996, Plaintiff, a locomotive engineer employed by Defendant, injured his back and neck when the operator's seat upon which he was seated collapsed over a rough crossing in Oologah, Oklahoma. Plaintiff alleged that Defendant violated the BIA by failing to provide him with "an adequate seat upon which [he] could place himself to perform the locomotive engineer operations required by his employment." Aplt. App. at 2. Plaintiff appeals from the judgment entered on the jury verdict in favor of the Defendant, claiming that the district court erred in: (1) admitting evidence of his prior injury claim, prior settlement, settlement amount, and the 1988 release relating to this prior injury; (2) denying his motion for a mistrial based on defense counsel's comments during opening statements; and (3) misinstructing the jury on the elements of the BIA. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse.

Background

In December 1986, Plaintiff sustained injuries while serving as an engineer for Union Pacific when he slipped on oil and fell while holding a seventy-five pound "knuckle." See Aplt. App. at 240. As a result of this injury, he experienced back problems and had to miss work for over a year. See Aplt. App. at 240-41. He filed suit against Union Pacific in 1987, seeking compensation for this injury, including future damages. The jury rendered a general verdict in his favor, awarding damages of $283,400.00. After the verdict, Plaintiff executed a release and settled the matter for $280,000.

Ten years later, in December 1996, Plaintiff filed the present lawsuit against Union Pacific. On July 16, 1997, he filed a motion in limine requesting that the district court prohibit the admission of any evidence of his previous lawsuit against Defendant, the results of that lawsuit, the size of the verdict, or payment of the verdict. The district court granted the motion in limine in part and denied it in part. To avoid the impression that Plaintiff was litigious, the court determined that evidence of the prior action could not be introduced; however, that did not bar evidence regarding the existence of Plaintiff's prior injury, the extent of that injury, the fact that Defendant paid compensation to Plaintiff for that injury, the amount of compensation, and evidence of release. See Aplt. App. at 47. The district court permitted the introduction of the amount paid to Plaintiff in the prior lawsuit without reference to the action itself or the fact that a

judgment was entered, ostensibly to prevent Plaintiff from obtaining an impermissible double recovery for the earlier injury.  See Aplt. App. at 104.  On August 8, 1997, Plaintiff filed a motion to reconsider, requesting the court admit the pretrial order and verdict form from the prior lawsuit to reduce the prejudicial impact of the Court's ruling on the motion in limine.  See Aplt. App. at 54-55.  While still disagreeing with the district court's ruling, Plaintiff thought it best to add these items so that the jury would know that Defendant litigated the prior claim, rather than settling with the Plaintiff for chivalrous motives.  See Aplt. App. at 55.  The district court granted this request on August 15, 1997.  See Aplt. App. at 57.

## Discussion

### A. Admission of Evidence of Personal Injury Action, Settlement Amount, and Release

Plaintiff contends that the district court erred in denying his motion in limine to exclude evidence of the prior injury claim, prior settlement, the amount of such settlement, and the 1988 release regarding the prior injury.  Defendant contends that Plaintiff waived this argument by failing to object to the evidence when it was actually admitted by the trial court, and also by urging the court to admit evidence of the prior lawsuit and verdict form.  We review the district court's admission of evidence for an abuse of discretion, not disturbing the

"court's decision unless we ha[ve] a definite and firm conviction that the [trial] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States v. Talamante, 981 F.2d 1153, 1155 (10th Cir. 1992) (quotation omitted).

We first consider defendant's contentions that Plaintiff failed to object to the admission of this evidence at trial or urged admission of some of it, thereby waiving the issue. A pretrial motion in limine may preserve the issue for appeal when the issue: (1) was adequately presented to the district court; (2) is the type that can be finally decided in a pretrial hearing; and (3) is definitively ruled upon by the district court. See United States v. Mejia-Alarcon, 995 F.2d 982, 986-87 (10th Cir. 1993). All three conditions must be present. See United States v. Nichols, 169 F.3d 1255, 1265 (10th Cir. 1999).

Here, both parties argued for a pretrial ruling on the issue, primarily on legal grounds. The issue was adequately presented to the district court. The district court resolved the parties' contentions concerning relevance, see Fed. R. Evid. 402, but also weighed the probative value of the evidence sought to be excluded against the danger of unfair prejudice, see Fed. R. Evid. 403. Normally, such weighing should be done against a backdrop of the actual evidence at trial, making a final decision in a pretrial hearing highly unlikely. See United States v. McVeigh, 153 F.3d 1166, 1200 n.24 (10th Cir. 1998), cert. denied, 119 S. Ct.

- 5 -

1148 (1999). However, "some evidentiary issues are akin to questions of law, and the decision to admit such evidence is not dependent upon the character of the other evidence admitted at trial." See Mejia-Alarcon, 995 F.2d at 987. Given the parties' presentations, the district court's ruling rested primarily on relevance grounds. The court also concluded that the type of unfair prejudice identified was of a very general nature, specifically litigiousness. It is not always easy to determine when a district court's "yes" or "no" ruling on a pretrial evidentiary matter means "maybe," necessitating an appropriate proffer or objection at trial.[1] Still, we conclude that the district court could and did make a definitive ruling on the evidence in these circumstances. The issues in the case were straightforward, and both the proffered evidence and the facts upon which admissibility depended were fairly certain and unlikely to change given the character of the evidence admitted at trial.

Thus, although the best practice is to renew any objection at trial when evidence of a prior injury claim, prior settlement, settlement amount, and release is presented, Plaintiff preserved his objection to this evidence on all grounds adequately presented in his motion in limine. We reject Defendant's contention

---

[1] In this regard, it is helpful when the district court's ruling so indicates, by stating, for example, whether a ruling will be reserved for trial and reminding counsel of the importance of renewing offers and objections at trial given the teachings of Mejia-Alarcon.

that Plaintiff waived all of his objections because he successfully urged the admission of evidence of the prior lawsuit and the verdict form once his motion in limine had been decided. The "invited error" doctrine is equitable in nature and precludes a party from inducing action by the district court and then later arguing on appeal that the action was reversible error. See Meredith v. Beech Aircraft Corp., 18 F.3d 890, 895-96 (10th Cir. 1994). It does not apply here. Plaintiff's motion to reconsider plainly stated that the objection to the court's ruling remained, and the purpose of the two additional items was to counter the inference that Defendant had voluntarily settled with the Plaintiff in the prior lawsuit. See Aplt. App. at 54, 271. Moreover, the district court's ruling on the motion in limine made it clear that the amount of the settlement and the release would come in quite apart from the other items.

Next we consider whether the district court abused its discretion in ruling admissible evidence of Plaintiff's prior lawsuit, settlement, settlement amount, and release. Evidence of Plaintiff's prior injury and the extent of that injury has probative value to the case. However, admitting the fact of the previous lawsuit, the amount of compensation paid, that Defendant compensated Plaintiff in satisfaction for the prior injury, and evidence of release simply was not relevant to the issues in the case.

Only evidence relevant to a claim or defense is admissible. See Fed. R.

Evid. 402. Defendant asserts that evidence of Plaintiff's prior lawsuit and settlement, including the settlement amount, the fact of the settlement, and evidence of release is relevant to its defense of release and accord and satisfaction. However, the defense of release and accord and satisfaction has no application to the issues in this case. Accord and satisfaction is defined as:

> a method of discharging a claim whereby the parties agree to give and accept something other than that which is due in settlement of the claim and to perform the agreement. An "accord" is the agreement, and "satisfaction" is its execution or performance. A valid accord and satisfaction completely discharges the obligor's existing duties and constitutes a defense to any attempt to enforce claims based on such duties.

1 Am. Jur. 2d, Accord & Satisfaction § 1 at 469-70 (1994) (footnotes omitted); see also Strickland Tower Maint., Inc. v. AT&T Comm., Inc., 128 F.3d 1422, 1428 (10th Cir. 1997) (applying Oklahoma law). In this case, Defendant sought to show that it discharged its obligation from the 1988 jury verdict and from Mr. Richardson's 1986 injuries by settling and paying him $280,000. It was uncontroverted that Defendant paid Mr. Richardson for his 1986 injuries, and Plaintiff never claimed otherwise. More importantly, the fact that Defendant discharged the obligation simply is not relevant to the question of whether Plaintiff is entitled to recover from Defendant for the 1996 incident.

In arguing that the release was properly admitted, Defendant contends that given permanent injuries from the 1986 incident, it was allowed to prove "the

consideration paid for the signed release was payment of a jury award that included future medical expenses and future disability, both of which were claimed in the prior suit." Aplee. Br. at 25 (emphasis omitted). We disagree for reasons quite apart from the obvious problem of a general verdict amount being a proxy for future medical expenses and future disability from the 1986 incident. The critical issue in this case that incorporates the 1986 injury is whether the 1996 accident aggravated that injury. Plaintiff is entitled to recover damages for any aggravation of the pre-existing condition, but those damages are limited to the additional increment caused by the aggravation. See Stevens v. Bangor and Aroostook R.R. Co., 97 F.3d 594, 601 (1st Cir. 1996). The jury was so instructed. See Aplt. App. at 79. Conversely, Plaintiff may not recover for pain or impairment that would have been experienced even if the accident never occurred. Instruction Number 17, coupled with the evidence regarding the nature and extent of Plaintiff's prior injuries, provided an adequate basis to prevent an impermissible double recovery.

Evidence of release does not assist Defendant in its defense of Plaintiff's BIA claim. The fact that Plaintiff signed a release in 1988 does not absolve Defendant for liability for an aggravation of that injury from another accident. See Babbitt v. Norfolk & Western Ry. Co., 104 F.3d 89, 92 (6th Cir. 1997); Wilson v. CSX Transp., Inc., 83 F.3d 742, 745 (6th Cir. 1996); Stevens, 97 F.3d

at 601.

Although offered by Defendant as evidence of accord and satisfaction, the concurring opinion suggests that the release assists the Defendant with a contractual defense that the Plaintiff is merely suffering from a worsening, or different symptoms, of the 1986 injury. The concurring opinion relies upon Callen v. Pennsylvania R.R. Co., 332 U.S. 625, 629 (1948), which is not pertinent to the issues being litigated. Callen involved a dispute over the validity of a general release for personal injuries sustained by the plaintiff where the parties disputed whether the release was a product of mutual mistake. See Babbitt, 104 F.3d at 92-93 ("in Callen the employer and employee executed a contract that settled an actual controversy, i.e., liability for the plaintiff's specific injuries."). This case simply does not involve the validity of the release and it is inapplicable "to new injuries which occurred after it was signed." Wilson, 83 F.3d at 745. Stated another way, release or no release, if the Defendant can prove to a jury's satisfaction that the Plaintiff is merely suffering from a worsening, or different symptoms, of the 1986 injury, Plaintiff cannot recover. Evidence of the fact that Defendant previously discharged its obligation for the 1986 injury simply is not relevant to this inquiry.

Thus, we find that evidence of the previous lawsuit, the compensation paid to Plaintiff, its amount, and the release signed has no relevance to the

determination of whether the 1996 accident aggravated his 1986 injury. The admission of this evidence was extremely prejudicial and therefore requires that this case be reversed and remanded for a new trial. The evidence in this case was replete with references to Plaintiff's compensation for the 1986 injury and signing of a release. See Aplt. App. at 108, 110, 243, 272, 278-80, 357-58. We believe that the risk was great that the jury could have denied Plaintiff's claims believing that he had already been compensated and that he had signed a release for all future damages he might suffer. There is no question defense counsel attempted to create that inference through both testimony and arguments to the jury. See Aplt. App. at 185, 192, 273, 279-80, 348-50. Therefore, we hold that this evidence was so prejudicial that we cannot say that its effect was harmless.

## B. District Court's Failure to Grant a Mistrial

During its opening statement, defense counsel stated that the jury gave Mr. Richardson "approximately $280,000" in "future damages" in the 1988 trial. See Aplt. App. at 108. This was a clear attempt to suggest to the jury that Plaintiff had already been compensated for this subsequent injury. After this statement was made, Mr. Richardson's counsel moved for a mistrial, given the general verdict in the prior action. See Aplt. App. at 108-09. After the district court denied Plaintiff's motion for a mistrial, defense counsel corrected the inaccurate

statement as opening statements continued by stating: "[T]he $280,000 verdict, which I told you about, which Mr. Richardson received and was paid to him back in 1988, included future damages. It also included his lost wages, his medical bills and things such as that." See Aplt. App. at 111. Given our resolution of the prior issue, we trust this issue will not come up again on remand. There is no need to decide it.

C. Instruction No. 14

Mr. Richardson contends that the district court erred in tendering the following instruction:

> In order to find a violation of the Federal Boiler Inspection Act, Plaintiff has the burden of proving by a preponderance of the evidence each of the following essential elements:
>
>> 1. that the seat in question was a part of Defendant's locomotive on which Plaintiff worked; and
>>
>> 2. that the seat was not in a proper condition at the time Plaintiff contends he was injured; and
>>
>> 3. that the seat was unsafe at the time Plaintiff contends he was injured; and
>>
>> 4. that the seat could not have been employed by Defendant without unnecessary peril to life or limb.

Aplt. App. at 75-76.

Specifically, he claims that the instruction increased his burden of proof by

- 12 -

injecting into the BIA an additional element that requires Plaintiff to establish "that the seat could not have been employed by Defendant without unnecessary peril to life or limb." Aplt. Br. at 47.

We review de novo whether the district court's instructions, considered as a whole, properly stated the applicable law and focused the jury on the relevant inquiry. Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 552 (10th Cir. 1999). "The instructions need not be entirely free from fault, but they may not serve to mislead the jury in any way." Dillard & Sons Constr., Inc. v. Burnup & Sims Comtec, Inc., 51 F.3d 910, 915 (10th Cir. 1995).

As the district court noted, this instruction is consistent with both the statute and interpretive case law. See Aplt. App. at 340-42; 49 U.S.C. § 20701; see also Gregory v. Missouri Pac. R.R. Co., 32 F.3d 160, 161-62 (5th Cir. 1994) (approving jury instruction under the Boiler Inspection Act with "unnecessary peril to life or limb" language). After carefully reviewing the instruction at issue, in light of the instructions as whole and the applicable law of the BIA, we conclude that it is consistent with the law and the district court did not err in giving it to the jury.

REVERSED AND REMANDED.

No. 97-7139, <u>Richardson v. Missouri Pacific Railroad Co.</u>

**BRISCOE**, Circuit Judge, concurring:

I agree with the majority that it was reversible error to allow Union Pacific to introduce evidence of the amount of compensation paid to Richardson in settlement of his 1986 injury. I disagree, however, that the district court abused its discretion in admitting evidence of the 1988 release. I therefore concur.

The release signed by Richardson in 1988 purported to bar further claims against Union Pacific for all injuries "arising out of" the 1986 accident. Based on this language, Union Pacific asserted in response to Richardson's current claim that Richardson is not suffering from a new injury, but is undergoing a natural worsening of the 1986 injury or is suffering from a new symptom that "arose out of" the 1986 injury. Although this is not, as Union Pacific claims, a defense of accord and satisfaction, it is a contractual defense that Union Pacific is entitled to raise and present to a jury. <u>See</u> <u>Callen v. Pennsylvania R. Co.</u>, 332 U.S. 625, 629 (1948).

The majority's own reasoning belies its conclusion that the release is irrelevant. In recasting this case as a typical "aggravation of pre-existing injury" case, the majority concedes that Richardson is entitled only to recover the additional increment of damages caused by the aggravation of his 1986 injury. To support this conclusion, the majority cites <u>Stevens v. Bangor and Aroostook R.R. Co.</u>, 97 F.3d 594, 601 (1st Cir. 1996). Yet <u>Stevens</u> held that an employer is liable

for *all* of an injured employee's damages under FELA when the jury cannot apportion damages caused by the employee's pre-existing condition and the new injury. Id. In this case, it is the language of the release--which prevents Richardson from recovering again for his pre-existing injury--that precludes application of the rule set forth in Stevens and limits Richardson's recovery to damages caused by any aggravation of his earlier condition. In other words, the majority's statement regarding the limitation of Richardson's damages is true only because the express language of the release makes it true.

The majority further concludes that "evidence of release does not assist" Union Pacific's defense because the 1988 release "does not absolve" Union Pacific of liability for aggravation of the 1986 injury if that aggravation was caused by a new accident. This principle, even if true, has no application here. Union Pacific does not contend the release shielded it from liability for unrelated post-1986 injuries, but only for liability from those injuries that constituted mere manifestations of the 1986 injury or for those injuries "arising out of" the 1986 injury. None of the cases cited by the majority prevent Union Pacific from raising this release defense or compel exclusion of evidence of the release. Babbitt v. Norfolk & Western Ry. Co. involved only the validity of a release, not its admissibility, see 104 F.3d 89, 92-93 (6th Cir. 1997); Stevens v. Bangor and Aroostook R.R. Co. apparently did not involve a release at all, see 97 F.3d at 601;

- 2 -

and <u>Wilson v. CSX Transp., Inc.,</u> far from finding the release inadmissible, held it was for the jury to determine if the plaintiff had "suffered 'new' injuries after signing the release" or if the plaintiff's condition was due to the "progression of his pre-existing disease," 83 F.3d 742, 745-46 (6th Cir. 1996).