**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM SCOTT SOURS,

      Plaintiff-Appellant,

v.

STANLEY GLANZ, LIEUTENANT
TURLEY, sued in their individual and
official capacities; D. WALTERS;
WARREN CRITTENDON; B. LOWE;

      Defendants-Appellees.

No.  01-5026
(D.C. No. 98-CV-50-B)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff William Sours sued several sheriff's deputies and their supervisors under 42 U.S.C. § 1983, alleging they used excessive force against him in violation of the Eighth Amendment. Sours appeals from an adverse verdict entered by the district court after a bench trial. We affirm.

Sours was an inmate at the Tulsa County Jail awaiting trial on a state court criminal charge. On November 27, 1997, he and his cellmates were removed from their cell for what officers said was a search for jail contraband. On returning to his cell, Sours claimed that some of his legal papers were missing; he accused the deputy sheriffs who conducted the search of taking them. As Sours became increasingly upset, several deputies were dispatched to remove him from his cell. The parties' factual accounts diverge dramatically at this point.

Sours claims that as he was led, in handcuffs, from his cell at least two deputies attacked him from behind. He says they rammed his head into the cell bars, smashing his glasses and bruising his face. According to his account, the deputies then dragged him along a corridor and threw him to the ground, one using his knee to pin Sours's head against the concrete floor. The deputies deny the charge of an unprovoked attack. They claim instead that Sours refused to cooperate when asked to come out of his cell by going limp and refusing to walk on his own. This passive resistance required three deputies to handcuff and escort him out of the cell. In the course of moving him, they say, the deputies twice fell

-2-

to the floor, bringing Sours with them and undoubtedly, though unintentionally, causing him minor injuries.

After a one day bench trial, the district court ruled in favor of the defendants. It found that the force used to subdue Sours was reasonable in view of his resistance to the deputies' lawful commands and therefore did not violate the Eighth Amendment. Additionally, it found no basis for Sours's failure-to-train or supervisor liability claims.

## I. ADMISSION OF CELLMATE'S AFFIDAVIT

On appeal, Sours claims that the district court erred by refusing to admit into evidence a corroborating affidavit from a cellmate. Although the cellmate witnessed the November 27 incident, his whereabouts at the time of trial were unknown. Sours sought to admit the affidavit, which precisely mirrored his account of the incident, under the residual or catch-all exception to the hearsay rule, Fed. R. Evid. 807. (Rule 807 is a recent recodification of former Rules 803(24) and 804(b)(5).) The defendants objected on the ground that Sours had not complied with the notice requirements set forth in the rule. The district court sustained the objection.

We review the district court's rulings on the admissibility of evidence under the residual hearsay exception for abuse of discretion. *United States v. Tome*, 61 F.3d 1446, 1454 (10th Cir. 1995). "Courts must use caution when

admitting evidence under Rule [807], for an expansive interpretation of the residual exception would threaten to swallow the entirety of the hearsay rule." *Id.* at 1452. We therefore allow its use only in limited cases: "As this court has warned, Rule [807] should be used only in extraordinary circumstances where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice." *Id.* (quotation omitted). *See also* S. Rep. No. 93-1277 (1974), reprinted in 1974 U.S.C.C.A.N. 7051, 7066 ("It is intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances. The committee does not intend to establish a broad license for trial judges to admit hearsay statements that do not fall within one of the other exceptions contained in rules 803 and 804 [ ].")

Rule 807 itself sets out several requirements for admitting evidence under it. In addition to carrying circumstantial guarantees of its trustworthiness, a statement must be: (A) material; (B) probative; and (C) in the interests of justice to admit. *See* Fed. R. Evid. 807. There is also a notice requirement attached to the Rule:

> a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, *including the name and address of the declarant* .

*Id* (emphasis added) .

-4-

The district court refused to admit the affidavit from Sours's cellmate under the final clause of this notice requirement, because Sours could not provide the affiant's address. [1] Sours does not deny this. He insists, however, that he complied with the rule's notice requirements by alerting the defendants of his intention to use the affidavit in the pretrial order. Our review of the pretrial order confirms that the affidavit was indeed listed among the exhibits Sours hoped to admit at trial. But it also confirms that Sours did not provide the necessary address.

The notice requirements of the residual hearsay rule are strictly construed. *United States v. Heyward*, 729 F.2d 297, 299 n.1 (4th Cir. 1984). Indeed, courts have refused to admit hearsay evidence under the rule solely because the proponent failed to provide the opposing party with the name and address of the declarant. *Akzo Coatings, Inc. v. Aigner Corp.*, 881 F. Supp. 1202, 1212 (N.D. Ind. 1994), *aff'd in part, vacated in part by Akzo Nobel Coatings, Inc. v. Aigner Corp.*, 197 F.3d 302 (7th Cir. 1999). The district court did no less here. We cannot conclude that adhering to the strict language of a rule constitutes an

---

[1] Because Sours did not provide this court with a transcript of the district court's ruling, we cannot be absolutely clear as to the court's reasoning. But we are confident that, given the context, it was the lack of an address that animated the court's decision to reject the affidavit. In their answer brief, moreover, the defendants explicitly attribute this reasoning to the court. *See* Answer Br. at 11. Sours does not quibble with the defendants' characterization in his reply.

abuse of discretion. *See Lloyd v. Prof'l Realty Servs., Inc.*, 734 F.2d 1428, 1433-34 (11th Cir. 1984) (excluding testimony under notice provisions because "a trial court following the strict language of the rule to exclude testimony is [not] guilty of an abuse of discretion").

## II. DESTRUCTION OF VIDEOTAPE

Sours next claims that the district court erred by refusing to grant, as a discovery sanction, his pretrial motion for a default judgment. His motion arose from the destruction of a videotape.

A security camera installed in the jail recorded the November 27 altercation between Sours and the deputy sheriffs. The video was destroyed when prison officials taped new material over old. This reuse of the video occurred even though the November 27 incident set off a series of administrative proceedings, which included an investigation, a hearing, and an appeal by Sours from the punishment imposed on him as a result of the incident. In fact, as part of the administrative review, a jail official watched the video. Seeing it may well have affected his ultimate decision; he reduced Sours's punishment from two weeks of punitive segregation to one week.

It is likely, moreover, that the videotape was destroyed after the defendants were served with the complaint. According to their brief, the videotapes in the jail's security cameras are "reused after approximately one year." Answer Br. at

-6-

p. 7. Sours served his complaint on the defendants eleven months after the incident.

At the hearing held on Sours's motion for a default judgment, the defendants denied they destroyed the videotape in an effort to withhold evidence. They claimed instead that it was inadvertently taped-over. Finding no bad faith on the part of the defendants, the district court rejected Sours's request for a default judgment. The court, however, did state its willingness to reconsider its decision in the event Sours presented evidence that the tape was culpably destroyed. The court gave Sours an additional three weeks of discovery in which to conduct the necessary discovery. Sours, who was represented by counsel, did not engage in any additional discovery.

We review the district court's decision whether or not to impose sanctions, as well as its choice of sanctions, for abuse of discretion. *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1182 (10th Cir. 1999). Under an abuse of discretion standard, this court will not disturb the underlying decision unless we have a definite and firm conviction that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. *See Richardson v. Mo. Pac. R.R.*, 186 F.3d 1273, 1276 (10th Cir. 1999) (quotation omitted).

A discovery sanction must be measured; a court should impose the least onerous sanction that will remedy the prejudice and, when applicable, punish the past wrongdoing and deter future wrongdoing. *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994). A drastic remedy like a default judgment or a dismissal "is usually appropriate only where a lesser sanction would not serve the interest of justice." *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988) (quotation omitted).

Sours did not offer to the district court a meaningful alternative to the draconian sanction he sought. Granted, he did suggest that "[i]n the event the Court determines [a default] judgment too harsh a sanction," it consider a "fitting alternative." His suggestion was an order establishing "that the beating was inflicted on Mr. Sours maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline." Aplee. App. at 23. This, of course, would have been the practical equivalent of a directed verdict. It would have achieved the same result as a default judgment, since it is precisely the standard of liability for an Eighth-Amendment excessive-force claim that the Supreme Court has formulated. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Sours also suggested another, equally severe sanction: that the district court shift the burden of proof to the defendants.

Neither of these two suggestions presented the district court with an earnest alternative to a default judgment. On appeal, Sours similarly fails to propose any lesser sanction. He asks us to remand the case for "a determination of the proper sanction," yet he appears no more willing or able to suggest what that remedy might be. Aplt. Reply Br. at 4.

To be sure, the court is troubled by the destruction of a valuable piece of evidence, especially given the prominent role that the videotape played in Sours's administrative appeal. The district court, however, found no bad faith by the defendants. And Sours, represented by counsel, does not challenge that finding on appeal. To the contrary, he emphasizes that he "did not and does not now base his appeal on an allegation of bad faith against the Defendants." Aplt. Reply Br. at 2.[2]

In view of the district court's ruling, as well as Sours's disavowal of any effort to show bad faith, we are stripped of the ability to impose one possible lesser sanction: a remand with direction that the district court infer that production of the videotape would have been unfavorable to the defendants. Such an adverse inference "must be predicated on the bad faith of the party destroying the [evidence]." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

---

[2] Sours filed his opening brief pro se. Later, counsel sought leave from this court to file a reply brief and supplemental appendix out of time, attaching copies of those respective documents to his motion. We hereby GRANT those requests.

Unable to consider what is perhaps the most appropriate sanction, we are thus left with a decision by the district court against imposing the most severe sanction possible against the defendants. We review that decision for an abuse of discretion, keeping in mind that drastic sanctions like default judgments are warranted only in extraordinary cases. Under these circumstances, we cannot say that the district court committed a clear error of judgment or exceeded the bounds of permissible choice. *See Richardson*, 186 F.3d at 1276.

Finally, we are unable to review the contention, raised for the first time in Sours's reply brief, that the district court abused its discretion by basing its decision to deny sanctions on a misapprehension of the law. *See Codner v. United States*, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994) (noting that this court need not address arguments raised for the first time in a reply brief). According to Sours, the district court erred in stating that it could not impose any sanction unless he showed bad faith by the defendants. But Sours did not provide this court with a copy of the relevant transcript in which that statement, allegedly made by the district court, appears. Thus even if we were inclined to address an argument raised initially in a reply brief, we are unable to review this one. An appellate court cannot review what is claimed to be an erroneous oral ruling by a trial court unless the appellant first establishes that the ruling, and the reasoning attributed to it, in fact occurred. *See McGinnis v. Gustafson*, 978 F.2d 1199,

1200-01 (10th Cir. 1992) (court would not review ruling when appellant did not include transcript of the district court's oral ruling; the failure "raises an effective barrier to informed, substantive appellate review").

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge

01-5026, <u>Sours v. Glanz</u>

**HENRY, Circuit Judge, Concurring:**

Given the seriousness of the injuries alleged in this case, <u>see</u> Rec. vol. I, doc. 19, at 10 (Magistrate Judge Eagan's Report and Recommendation, filed Dec. 3, 1999) (noting that "[c]ursing at the deputy sheriffs [the defendants assert, and Mr. Sours denies, that he 'provoked' the incident by cursing] does not appear to warrant a beating that results in broken glasses and an injury to a wrist so severe that a nurse calls for x-rays"), and the destruction by the defendants of the best evidence of what actually occurred, I would prefer that there have been more record development in this case. Specifically, I wish that Mr. Sours had suggested a way of admitting the affidavit despite his failure to provide the affiant's address. Mr. Sours might, for instance, have proposed the admission of the (sworn and notarized) affidavit as a sanction for the destruction of the evidence. Mr. Sours might have at least asked for additional time to locate the affiant.

The record on appeal does not reflect that Mr. Sours suggested such a course of action. At least where the litigant fails to advance alternatives to exclusion, I agree that a district court's loyalty to the literal language of Federal Rule of Evidence ("FRE") 807 can not constitute an abuse of discretion. I write separately merely to emphasize that FRE 807 would not have foreclosed the suggested arguments had Mr. Sours actually advanced (and preserved on appeal)

those arguments.  <u>See, e.g.</u>, 5 Jack B. Weinstein & Margaret A. Berger,

<u>Weinstein's Federal Evidence</u>, § 807.04[2] (Joseph M. McLaughlin, ed., Matthew

Bender 2d ed. 2001) ("If the declarant's name and address are unknown despite

reasonable efforts to locate the information, it is enough to give all the

information the proponent has been able to acquire by diligent inquiry . . . .  Most

courts adopt a flexible approach to the notice requirement, excusing a failure to

give pretrial notice when pretrial notice is wholly impractical.") (internal

quotation marks and footnote omitted); <u>cf.</u> <u>Kirk v. Raymark Industries, Inc.</u>, 61

F.3d 147, 167 (3d Cir. 1995) ("We recognize that the advance notice requirement

of Rule 803(24) [now FRE 807] can be met where the proponent of the evidence

is without fault in failing to notify his adversary.").