FILED
United States Court of Appeals
Tenth Circuit

August 12, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT N. BEDFORD,

      Defendant-Appellant.

No. 07-1236

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO
(D.C. No. 02–CR–00541–WDM)**

---

Lawrence J. Leigh, Parsons Behle & Latimer, Salt Lake City, Utah, for
Defendant-Appellant.

Mark S. Determan, Attorney, Tax Division, United States Department of Justice,
Washington, D.C., (Troy A. Eid, United States Attorney, Of Counsel; Nathan J.
Hochman, Assistant Attorney General; and Alan Hechtkopf, Attorney, Tax
Division, United States Department of Justice, Washington, D.C., with him on the
brief) for Plaintiff-Appellee.

_____

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

_____

**McKAY**, Circuit Judge.

_____

    Defendant-Appellant Robert N. Bedford appeals his conviction for

conspiracy under 18 U.S.C. § 371.[1]  The government filed a twenty-nine-count

superseding indictment charging three individuals with various crimes.

Defendant was named in Count One of the indictment, which charged him with

conspiracy to commit two underlying crimes: 1) defrauding the United States of

America by impeding the Internal Revenue Service in its lawful efforts to collect

income taxes, and 2) assisting individual taxpayers in filing fraudulent tax returns

in violation of 26 U.S.C. § 7206(2).[2]  The jury in Defendant's original trial could

not reach a verdict, but after a retrial, a second jury convicted him of conspiracy.

The genesis of this case involved a business called Tower Executive

---

[1]

If two or more persons conspire either to commit any offense against
the United States, or to defraud the United States, or any agency
thereof in any manner or for any purpose, and one or more of such
persons do any act to effect the object of the conspiracy, each shall
be fined under this title or imprisoned not more than five years, or
both.

18 U.S.C. § 371 (2000).

[2]Any person who—
    . . . .
    . . . [w]illfully aids or assists in, or procures, counsels, or
advises the preparation or presentation under, or in connection with
any matter arising under, the internal revenue laws, of a return,
affidavit, claim, or other document, which is fraudulent or is false as
to any material matter, whether or not such falsity or fraud is with
the knowledge or consent of the person authorized or required to
present such return, affidavit, claim, or document . . .
    . . . .
shall be guilty of a felony . . . .

26 U.S.C. § 7206(2) (2000).

Resources that billed itself as an executive recruitment business. In fact, Tower promoted to its members the opportunity to protect assets and to enjoy tax deferral through an offshore venture. Tower marketed its asset protection services to select clients through seminars at which Defendant and others spoke.

Essentially, clients learned at these seminars how to create bogus corporate entities called "international business corporations," referred to as IBC-1s and IBC-2s. IBC-1s were domestic corporations that would hire and pay IBC-2s, foreign corporations, to perform services for the IBC-1s. Those services did not actually occur.

Tower clients, as owners of the IBC-2s, could then repatriate the untaxed funds the IBC-1s had paid to the IBC-2s, purportedly as business expenses. However, some Tower members repatriated the funds for personal use. Tower members also used the IBCs to engage in financial shenanigans such as bogus loans, fraudulent option agreements, and purported scholarships for their children.

Defendant had a tax preparation business which prepared tax returns for some Tower clients. Defendant claims it was his understanding that Tower's system was not a tax fraud scheme, and he asserts he regularly told Tower clients they could only access the funds in their IBC-2s for regular business expenses, not personal expenses.

## DISCUSSION

On appeal, Defendant argues his conviction occurred because of erroneous

jury instructions, error in the superceding indictment, and error in allowing an IRS agent to testify in the form of legal conclusions applied to the facts of the case. We address each of Defendant's contentions in turn.

## I.      Jury Instructions

As to jury instructions, Defendant raises three points of error: 1) that the district court erred in including an agency instruction, 2) that he was entitled to his entire proposed theory of defense instruction, and 3) that elements of the underlying substantive crimes were missing from the instructions.

We review de novo the jury instructions as a whole and view them in the context of the entire trial to determine if they "accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *United States v. Crockett*, 435 F.3d 1305, 1314 (10th Cir. 2006); *see also United States v. Park*, 421 U.S. 658, 674 (1975). We review the district court's decision to give or to refuse a particular jury instruction for abuse of discretion. *See United States v. Nacchio*, 519 F.3d 1140, 1158–59 (10th Cir. 2008) (stating we review for abuse of discretion a district court's decision whether to refuse a particular jury instruction); *United States v. McClatchey*, 217 F.3d 823, 834 (10th Cir. 2000) (stating we review for abuse of discretion a district court's decision whether to give a particular jury instruction). We also review for abuse of discretion a district court's shaping or phrasing of a particular jury instruction.

When a defendant objects to the omission of an element from a jury instruction, we review the omission for harmless error. *United States v. Robertson*, 473 F.3d 1289, 1291 (10th Cir. 2007). However, "[w]e review a jury instruction for plain error when a party fails to object to the instruction at trial." *United States v. Willis*, 476 F.3d 1121, 1127 (10th Cir. 2007). "Plain error exists only where (1) there was error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *Robertson,* 473 F.3d at 1291; *see also* Fed. R. Crim. P. 52(b).

Instruction No. 20

Defendant appeals the district court's giving of an agency instruction based on 18 U.S.C. § 2(b).[3] This instruction stated:

> In order to sustain its burden of proof, it is not necessary for the government to prove that the defendant personally did every act constituting the offense charged. As a general rule, whatever a person is legally capable of doing himself he can do through another acting as his agent. So if the acts or conduct of another are deliberately ordered or directed by the defendant or deliberately authorized or consented to by the defendant, then the law holds the defendant responsible for such acts or conduct just the same as if personally done by him.

(R. at 1546–47.)

On appeal, Defendant makes three specific objections to this instruction.

---

[3]"Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(b) (2000).

First, Defendant asserts the instruction misled the jury as to the mental state required for conviction because it instructed the jury that Defendant was legally responsible for acts he *deliberately* consented to or authorized rather than those in which he *willfully* participated. Second, Defendant argues that giving the instruction was improper because the instruction's underlying law did not apply to a conspiracy charge. Third, Defendant argues that this instruction was not warranted by the facts in evidence.

Defendant did not specifically raise his first objection to this instruction before the district court. We therefore review only for plain error. *See United States v. Luke-Sanchez* 483 F.3d 703, 706 (10th Cir. 2007) (noting that only specific grounds for an objection that are raised before the trial court are properly preserved for appeal); *see also* Fed. R. Crim. P. 30(d) (noting that party objecting to instruction must inform court of "the grounds for the objection"); *Comcoa, Inc. v. NEC Tels., Inc.*, 931 F.2d 655, 660 (10th Cir. 1991) ("When considering a party's challenge to jury instructions, our initial inquiry is whether the party properly preserved that issue for appeal by objecting at the district court level to the instruction on the same grounds raised on appeal.").[4]

---

[4]While Defendant did object to the entire instruction in the district court, his objection did not rise to the level of specificity required to preserve the precise issue he raises on appeal. Even if Defendant had preserved this issue for appeal and we had reviewed it for an abuse of discretion, we are convinced it would not change our decision regarding this instruction.

After reviewing the instructions as a whole, we conclude the district court did not err when it used the word "deliberately" instead of "willfully" in this instruction. The court instructed the jury on the elements of the crime, including the requirement that Defendant be shown beyond a reasonable doubt to have known the essential objective of the conspiracy and to have "willfully joined" it. (R. at 150.) At least six separate instructions informed the jury as to the level of knowledge, intent, deliberateness, and willfullness required to convict Defendant. Because we review the instructions as a whole, we therefore conclude the district court did not mislead the jury as to the state of mind necessary to convict Defendant of conspiracy.

As to Defendant's second objection, which was argued before the district court, that the law did not adequately support the instruction, we review for abuse of discretion. *McClatchey*, 217 F.3d at 834. We conclude the district court did not abuse its discretion in instructing the jury that Defendant could be held responsible for acts he deliberately ordered, directed, consented to, or authorized. *See United States v. Giese*, 597 F.2d 1170, 1179–80 (9th Cir. 1979) (holding that defendant can be found guilty of conspiring "to cause to be committed" an illegal act by combining other statutes with 18 U.S.C. § 2(b)).

We also reject Defendant's contention that there was no factual basis for this instruction. The evidence in the record shows, among other things, that Defendant: (1) signed a tax return including materially false information or had

an employee sign such a return, and (2) advised Tower clients to create and backdate invoices supporting fraudulent tax returns. We thus conclude the district court did not abuse its discretion by giving this instruction.

Theory of Defense Instruction

A defendant is entitled to a theory of defense instruction if it is "a correct statement of the law, and if he has offered sufficient evidence for the jury to find in his favor." *Crockett*, 435 F.3d at 1314. However, a theory of defense is not required if offered only to clarify the issues. *United States v. Alcorn*, 329 F.3d 759, 767 (10th Cir. 2003). It is only required if, without the instruction, the other instructions are erroneous or inadequate. *Id.*

We review the theory of defense instruction for plain error because Defendant did not preserve this issue for appeal.[5] *Willis*, 476 F.3d at 1127. On appeal, Defendant argues the instruction should have included "that he was unaware that certain members of Tower and a friend of one Tower member were abusing the program by returning money to the United States for personal purposes or participating in sham option agreements without declaring the money

_____

[5]Defendant claims he preserved an objection as to this instruction. However, a careful review of the record indicates Defendant objected to the removal of the first paragraph of his proposed instruction, but he expressly did "not object to the Court's proposed revisions of the next paragraph." (R. at 1493–94.) These omissions from the proposed revisions of the second paragraph are the subject of Defendant's arguments on appeal. None of Defendant's arguments on appeal relate to the original first paragraph.

as income on their individual tax returns." (Appellant Br. at 25.) Defendant also argues the court erred in omitting the phrase "as he understood it" from the proposed instruction that stated Defendant "contends that he is not guilty of the crime charged because the Tower program, as he understood it, complied with the Internal Revenue Code." (Appellant Br. Attach. 1.)

We conclude the district court did not commit plain error by deleting this state of mind language from Defendant's proposed instruction. Defendant was entitled only to a correct statement of law for which he had provided sufficient evidence to support a jury finding in his favor. Defendant was not entitled to "a recounting of the facts as seen through the rose-colored glasses of the defense." *United States v. Barham*, 595 F.2d 231, 244 (5th Cir. 1995); *see also United States v. Grissom*, 44 F.3d 1507, 1513 (10th Cir. 1995).

Missing elements

On appeal, Defendant argues the district court failed to instruct the jury on the elements of the underlying substantive crimes. Because Defendant did not raise this objection before the district court, we review this claim for plain error. *See Willis*, 476 F.3d at 1127. "[T]he essence of any conspiracy is the agreement or confederation to commit a crime." *United States v. Robertson*, 473 F.3d 1289, 1292 (10th Cir. 2007) (alteration in original) (internal quotation marks omitted). Our precedent requires the prosecution in a conspiracy case to prove the degree of criminal intent necessary for a conviction on the underlying substantive offense of

the conspiracy.  S*ee United States v. Feola*, 420 U.S. 671, 688 (1975).  Thus, a district court must instruct the jury about this criminal intent requirement for the underlying offense.[6]  S*ee Ingram v. United States*, 360 U.S. 672, 678 (1959), *United States v. Robertson*, 473 F.3d 1289, 1292–93 (10th Cir. 2007).

As for the substantive crime of defrauding the government, the district court instructed the jury that the indictment charged Defendant with willfully conspiring "[t]o defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the IRS." (R. at 1542.)  The court instructed the jury that the word defraud "means not only to cheat the government out of property or money, but also to interfere with or obstruct one of the government's lawful functions by means that are dishonest." (R. at 151.)  The instructions also focused on Defendant's agreement to the conspiracy, explaining to the jury that the government must prove beyond a reasonable doubt that Defendant "knew the purpose or goal of the agreement or

---

[6] Defendant claims the court is required to instruct the jury on all elements of each underlying crime.  When reviewing the sufficiency of a conspiracy *indictment*, we require the indictment to aver "the essential elements upon which the underlying offense rests," although we do not require the indictment to allege "the underlying offense with the same degree of specificity that is required to charge the offense itself." *Nelson v. United States*, 406 F.2d 1136, 1137 (10th Cir. 1969).  However, we have not held that the requirement of listing the elements for each underlying crime in a conspiracy case also applies to jury instructions.  We do not do so now.  In any event, if our precedent did have this requirement, we would conclude that the district court adequately instructed the jury as to the elements of the two underlying offenses in this case.

understanding and deliberately entered into the agreement intending in some way to accomplish the goal or purpose by this common plan or action." (*Id.* at 1544.) The instructions summarizing the indictment further stated that Defendant was charged with furthering the conspiracy by "committ[ing] or caus[ing] to be committed overt acts such as . . . causing the preparation and filing of false and fraudulent income tax returns for Tower members and for members' businesses." (R. at 149.) We conclude these instructions as a whole properly instructed the jury as to the requisite criminal intent for the underlying crime of defrauding the government. *See Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924); *United States v. Scott*, 37 F.3d 1564, 1575 (10th Cir. 1994).

As to the intent element required for § 7206(2), the district court repeatedly instructed the jury that Defendant must be found to have acted knowingly and willfully, which is consistent with the intent element of the underlying substantive crime. *See United States v. Pursley*, 474 F.3d 757, 769–70 (10th Cir. 2007). We therefore conclude that, taken as a whole, the instructions adequately instructed the jury as to the governing law regarding intent for both underlying substantive offenses. We see no error, much less plain error, in the court's instructions on the offenses underlying Defendant's conspiracy charge.

## II.     Superceding Indictment

Defendant raises two arguments regarding the indictment: sufficiency and constructive amendment.

-11-

<u>Sufficiency</u>

Generally, we review the sufficiency of an indictment de novo, but when the argument is not raised at the trial level, as in this case, we review only for plain error. *See United States v. Barrett*, 496 F.3d 1079, 1091–92 (10th Cir. 2007). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Hathaway*, 318 F.3d 1001, 1009 (10th Cir. 2003) (internal quotation marks omitted). To indict a defendant with conspiracy under § 371, the government must charge that: (1) there was an agreement to violate the law, (2) the defendant knew the essential objective of the conspiracy, (3) the defendant knowingly and voluntarily participated in the conspiracy, (4) an overt act was committed in furtherance of the conspiracy, and (5) the coconspirators were interdependent. *See* 18 U.S.C. § 371; *United States v. Ailsworth*, 138 F.3d 843, 850 (10th Cir. 1998); *United States v. Stoner*, 98 F.3d 527, 531–32 (10th Cir. 1996). When we review a post-verdict challenge to an indictment that asserts an element of the offense was absent from the indictment, we conclude "the indictment is sufficient if it contains words of similar import to the element in question." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) (internal quotation marks omitted).

Moreover, in a conspiracy prosecution, "[i]t is also necessary that the

-12-

indictment contain the essential elements upon which the underlying offense rests." *United States v. Daily*, 921 F.2d 994, 999 (10th Cir. 1990) (internal quotation marks omitted). However, "the elements of the underlying offense need not be charged with the same degree of specificity as would ordinarily be required in a prosecution based on the underlying offense." *Id.* As to the level of knowledge required for the underlying offense, "[t]here is no magic to the words used . . . to allege guilty knowledge. What is demanded, however, is a competent and forthright attempt to notify the accused of the extent of his alleged culpability." *Nelson v. United States*, 406 F.2d 1136, 1138 (10th Cir. 1969) (second alteration in original) (internal quotation marks omitted).

In this case, the indictment stated that Defendant and his coconspirators:

> *knowingly* and *willfully* conspired, combined and agreed together, with each other and with other persons . . . *to defraud* the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service of the United States Department of the Treasury in the ascertainment, computation, assessment and collection of the revenue, to wit, income taxes, and to commit offenses against the United Sates as defined by Title 26, United States Code, Section 7206(2), that is, to aid and assist in, and procure, counsel and advise the preparation and presentation under the internal revenue laws of returns that were *fraudulent* and *false* as to *material* matters.

(R. Doc. 199 at 2–3 (emphasis added).) This language covered the first three elements of conspiracy. The indictment also charged that Defendant and his codefendants "committed, or caused to be committed, overt acts" in furtherance of the conspiracy. (*Id.* at 5.) Finally, while not using the label interdependent,

-13-

the indictment described the interdependent behavior of the coconspirators in the sections entitled "Manner and Means of the Conspiracy" and "Overt Acts." (*Id.* at 3–9.) Thus, the indictment sufficiently charged Defendant with the elements of conspiracy.

As to the essential underlying elements, Defendant claims "knowledge of falsity" and "interdependence" were not charged in the indictment. (Appellant Br. at 36.) We disagree. Because "the elements of the underlying offense need not be charged with the same degree of specificity as would ordinarily be required in a prosecution based on the underlying offense," *Daily*, 921 F.2d at 999, we conclude the indictment adequately informed Defendant of the underlying offenses upon which the conspiracy charge was based even though it may not have used the express terms Defendant argued it should have included. Finally, we also conclude the indictment adequately charged Defendant with the intent required for the underlying offenses, having the intent to defraud and acting knowingly and willfully. We therefore reject Defendant's challenge to the sufficiency of the indictment.

Constructive Amendment

"In reviewing a claim of constructive amendment, we consider the jury instructions as a whole, reviewing *de novo* the propriety of any individual jury instruction to which an objection was made at trial." *United States v. Alexander*, 447 F.3d 1290, 1298 (10th Cir. 2006).

-14-

Defendant argues that the district court constructively amended the superceding indictment when summarizing it for the jury by leaving out the term "knowingly" from one of the instructions. He argues that this omission might have raised a jury question about the level of knowledge and understanding required for conviction. However, as discussed above, we conclude the instructions as a whole clearly and amply informed the jury of the need for the Government to prove beyond a reasonable doubt that Defendant knew the objective of the conspiracy and knowingly participated in it. We therefore reject Defendant's constructive amendment challenge.

## III. Expert Testimony

Defendant claims that the Government's expert witness, IRS Agent Lynch, improperly applied the law to the facts of the case in his testimony concerning the deductibility of expenses by Tower members and the inaccuracy of one Tower member's tax returns. Defendant filed a motion *in limine* to exclude Mr. Lynch's testimony, contending that the proposed testimony would improperly render legal conclusions about the facts of the case. The court ruled against Defendant on the motion. Defendant contends that his motion preserved this argument for appeal even though he did not object further to the testimony at trial. We agree that he has preserved this argument for appeal, but we conclude he is not entitled to relief on the merits of his argument.

Defendant's objection to expert testimony came in the form of a pretrial

motion *in limine*. "A pretrial motion in limine to exclude evidence will not always preserve an objection for appellate review." *United States v. Mejia-Alarcon*, 995 F.2d 982, 986 (10th Cir. 1993). "[A] motion in limine may preserve an objection when the issue (1) is fairly presented to the district court, (2) is the type of issue that can be finally decided in a pretrial hearing, and (3) is ruled upon without equivocation by the trial judge." *Id.* In this case, Defendant's motion adequately informed the court of the basis for his objections, and the court's ruling came after it received the Government's detailed pretrial summary of the opinions it intended to elicit from Mr. Lynch. The issue raised in the motion could have been finally decided at a pretrial hearing, although it was in fact decided during the trial, outside the presence of the jury. And, the court's decision to admit the testimony was final and unequivocal. Thus, we hold that Defendant's motion preserved his objection for appellate review. We therefore review the district court's decision to admit this expert testimony for an abuse of discretion, and we will reverse only if this decision was "manifestly erroneous." *United States v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005) (internal quotation marks omitted).

Rule 704(a) of the Federal Rules of Evidence "allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact." *A.E. ex rel Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991). An "expert

may not state legal conclusions drawn by applying the law to the facts," but "[a]n expert may . . . refer to the law in expressing his or her opinion." *Id.*; *see also United States v. Johnson*, 319 U.S. 503, 519 (1943) (allowing some discretion to trial judges in determining whether expert testimony appropriately leaves the jury free to exercise its judgment).

Our sister circuits have held that "[e]xpert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence," *United States v. Windfelder*, 790 F.2d 576, 581 (7th Cir. 1986), so long as the expert does not "directly embrace the ultimate question of whether [the defendants] did in fact intend to evade income taxes," *United States v. Sabino*, 274 F.3d 1053, 1067 (6th Cir. 2001) (alteration in original) (internal quotation marks omitted). As we stated in a recent unpublished opinion, "we agree that a properly qualified IRS agent may analyze a transaction and give expert testimony about its tax consequences." *United States v. Wade*, 203 F. App'x 920, 930 (10th Cir. 2006). Based on this authority, we conclude the district court did not abuse its discretion in admitting the agent's testimony.

## CONCLUSION

We see no error in any of the district court's rulings. We therefore **AFFIRM** Defendant's conviction and sentence.

-17-