**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY KESTEN,

    Defendant - Appellant.

No. 22-1066
(D.C. No. 1:20-CR-00291-DDD-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **PHILLIPS**, and **CARSON**, Circuit Judges.

_____

Dr. Jeffrey Kesten pleaded guilty to one count of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371. The object of the conspiracy was the solicitation or receipt of kickbacks in violation of 42 U.S.C. § 1320a-7b(b), and the charge was based on Dr. Kesten's conduct in prescribing a particular brand of pain medication in exchange for speaking fees. He was sentenced to twenty-four months in prison. He filed an appeal despite the appeal waiver in his plea agreement. The government now moves to enforce Dr. Kesten's appeal waiver

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and to dismiss this appeal. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In determining whether to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice[.]" *Id.* at 1325. Dr. Kesten argues his appeal waiver was not knowing and voluntary because his plea was not knowing and voluntary.

"[I]n determining whether an appellate waiver is knowing and voluntary under *Hahn*, we may consider whether the entire plea agreement, including the plea, was entered knowingly and voluntarily." *United States v. Rollings*, 751 F.3d 1183, 1186 (10th Cir. 2014). Dr. Kesten contends his guilty plea was not knowing and voluntary because he "did not understand the nature of the charges against him before entering his plea." Resp. at 1. "Specifically, he did not know that in order to convict him of conspiracy under 18 U.S.C. 371, the government was required to prove that he *willfully* joined the alleged conspiracy." *Id.* (*citing United States v. Nall*, 949 F.2d 301, 305 (10th Cir. 1991)).

As in *Rollings*, because defense counsel did not object to the validity of the plea at any point in the proceedings, we review Dr. Kesten's argument solely for plain error. 751 F.3d at 1191. Under the "demanding" plain-error standard, "he must demonstrate: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights." *United States v. Rosales-*

*Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014) (internal quotation marks omitted). "If he satisfies these criteria, this Court *may* exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Dr. Kesten asserts that his counsel, the district court, and the prosecution "all operated under the mistaken belief that the conspiracy offense required only proof that [he] knowingly participated in the conspiracy." Resp. at 3. He now contends "it is well established this kind of conspiracy offense requires proof that the defendant 'entered the conspiracy *willfully*.'" *Id.* (quoting *Nall*, 949 F.2d at 305). He explains that "Federal Rule of Criminal Procedure 11 requires the district court to inform the defendant of and ensure he understands the nature of the offenses to which he is pleading." *Id.* at 4 (brackets and internal quotation marks omitted). He therefore argues, "[b]ecause [he] did not know the elements of the conspiracy offense with which he was charged, his plea was not knowing and voluntary." *Id.*

Dr. Kesten has not shown district court error. But even if we assume error, we agree with the government that Dr. Kesten has not shown plain error. It was not "clear or obvious under current law," *Rosales-Miranda*, 755 F.3d at 1258 (internal quotation marks omitted), that the word "willfully" must be used instead of the phrase "knowingly and voluntarily" when describing the necessary intent for participating in a conspiracy.

The plea agreement used the phrase "knowingly and voluntarily" for the element regarding participating in the conspiracy when listing the elements for

conspiracy, citing Tenth Circuit Criminal Pattern Jury Instruction § 2.19 (2021).
Mot. to Enf., Att. 1 at 7. And the elements were also read in open court during the
plea colloquy using that same language. *Id.*, Att. 2 at 8-9. As the government
explains, "[i]dentical language for the elements of conspiracy can be found in
numerous Tenth Circuit cases." Gov't Reply at 5 (citing cases). In contrast, the only
authority Dr. Kesten offers for his argument that the correct language is "willfully" is
our decision in *Nall* from thirty years ago. But since that decision, we have
repeatedly used the "knowingly and voluntarily" or "knowing and voluntary"
language. *See, e.g., United States v. Murry*, 31 F.4th 1274, 1297 (10th Cir. 2022);
*United States v. Hammers*, 942 F.3d 1001, 1013 (10th Cir. 2019); *United States v.
Cooper*, 654 F.3d 1104, 1115 (10th Cir. 2011); *United States v. Bedford*, 536 F.3d
1148, 1156 (10th Cir. 2008); *United States v. Hanzlicek*, 187 F.3d 1228, 1232
(10th Cir. 1999). And he cites no authority suggesting that the later cases and the
criminal pattern jury instruction are somehow substantively inconsistent with *Nall*.
In fact, Dr. Kesten does not acknowledge the cases cited above, or the many others
like them, that use the phrase "knowingly and voluntarily," rather than "willfully."
Finally, he cites no case holding that use of the phrase "knowingly and voluntarily" is
error in this context. Instead, it appears that "willfully" and "knowingly and
voluntarily" may be used interchangeably in this context. *See Cooper*, 654 F.3d at
1115 (reciting the conspiracy elements, including that "the defendant knowingly and
voluntarily participated in the conspiracy," and citing *Nall* as in "accord" with that
statement of the elements).

4

We conclude that Dr. Kesten has not shown error, let alone plain error, in the district court's advisement of the charge against him or approval of the plea agreement. As a result, he cannot show his plea was not knowing and voluntary or that his appeal waiver was not knowing and voluntary. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court
Per Curiam