**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NATHAN GRIBOWSKI,

    Plaintiff - Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant - Appellee.

No. 23-1134
(D.C. No. 1:21-CV-03115-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

## I.    Introduction

In January 2017, Nathan Gribowski suffered a back injury from an automobile

collision with an underinsured motorist ("UIM"). Following a dissatisfactory UIM

coverage settlement offer from his liability carrier, State Farm, Gribowski filed this

action asserting breach of contract and bad faith. Prior to a jury trial, Gribowski

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, on
December 6, 2023, this court entered an order directing that the case be submitted
without oral argument. This order and judgment is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

moved to prevent State Farm from producing evidence that he declined certain treatment. Specifically, State Farm sought to impeach the severity of Gribowski's pain by highlighting his refusal of radio frequency ("RF") ablation and diagnostic tactics associated therewith. Gribowski argued that presenting such evidence was tantamount to advancing a failure-to-mitigate defense, which State Farm did not raise and the law did not support. The district court denied the motion, determining the evidence was relevant for non-mitigation purposes. We perceive no abuse of discretion in the district court's evaluation of relevancy. Thus, exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's judgment.

## II.     Background

In January 2017, Gribowski injured his lower back in an automobile accident. In the following months, he sought medical treatment to resolve ongoing discomfort, including massage therapy and chiropractic care. Despite these interventions, the pain endured. As a result, Gribowski's primary care physician recommended he visit Dr. J. Scott Bainbridge, a physical medicine and rehabilitation specialist. After conducting an MRI, Dr. Bainbridge hypothesized the pain originated from an injury to a lumbar spine disk. He offered to perform RF ablation, which uses a heated needle to cauterize the nerve causing discomfort. The first step in this process is to conduct a diagnostic measure called a medial branch block injection, which temporarily numbs the suspect nerve. Dr. Bainbridge discussed the risks of the procedure with Gribowski, explaining ablation would need to be repeated several times to achieve

2

sustained relief, and the process may destabilize the local nerve supply, leading to increased pain.

Gribowski is a recovered alcoholic and feared undergoing frequent invasive treatment could require him to turn to addictive narcotics for pain management. Given his personal health history and RF ablation's risks, he declined the procedure. Without ablation in Gribowski's treatment plan, Dr. Bainbridge determined it was unnecessary to perform a medial branch block injection for diagnostic purposes. Instead, Dr. Bainbridge advised that he introduce physical therapy to his course of treatment. Gribowski continued to participate in physical therapy, chiropractic care, and massage therapy every two to four weeks to soothe his pain.

After he began treatment, Gribowski filed a claim with the other motorist's insurance and received a policy limited settlement of $25,000. To further supplement his treatment, he also filed a UIM claim with his own insurer, State Farm. To support his request, Gribowski submitted $26,404.25 in medical bills accrued through August 2021. State Farm responded by offering $1100 to settle the claim. In turn, Gribowski filed this action, asserting breach of contract and bad faith.

Before proceeding to a jury trial, the district court considered pretrial motions. Gribowski orally submitted a motion in limine to exclude evidence that he declined to undergo RF ablation. He argued such evidence strongly implicated a failure-to-mitigate defense that was neither raised by State Farm, nor appropriate under

applicable Colorado law.[1] State Farm claimed it planned to use the evidence not to demonstrate lack of mitigation, but rather to impeach the severity of Gribowski's injury and elucidate the extent of his damages. The district court agreed the evidence could properly be used to support a non-mitigation argument and, therefore, denied the motion. The district court further offered to provide a limiting instruction regarding the ablation procedure upon Gribowski's request.

At trial, State Farm utilized the RF ablation evidence to argue Gribowski was not as injured as he claimed to be. This strategy included underscoring his decision, even absent ablation, to forgo the medial branch block injection.[2] Based on his past medical bills and ongoing treatment needs, Gribowski requested the jury grant the full UIM policy limit of $100,000. The jury returned a verdict in his favor of $10,900.

## III.    Analysis

This court reviews "evidentiary rulings and rulings on motions in limine for abuse of discretion." *Stenson v. Edmonds*, 86 F.4th 870, 879 (10th Cir. 2023); *see*

---

[1] *See Hildyard v. W. Fasteners, Inc.*, 522 P.2d 596, 600 (Colo. App. 1974) ("Plaintiff's obligation to seek a cure for his injuries does not require him to submit to surgery which involves substantial hazards or which offers only a possibility of cure.").

[2] In addition to Gribowski's decision to decline ablation treatment, State Farm offered several other pieces of evidence to support its argument that damages were misrepresented, including: (a) his failure to seek medical care proximate to the accident; (b) his continued pursuit of vigorous physical activities after the accident; (c) his positive self-reporting to medical professionals and others about the state of his pain; and (d) his pre-existing degenerative back issues.

*also Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (describing motions in limine as "request[s] for guidance . . . regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy" (quotation omitted)). Under this standard, the district court's ruling will not be disturbed "unless we have a definite and firm conviction that the trial court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Merritt*, 961 F.3d 1105, 1111 (10th Cir. 2020) (quotations and alterations omitted).

As a preliminary matter, State Farm argues Gribowski did not preserve his motion because he did not contemporaneously object when ablation evidence was admitted. Indeed, "[g]enerally, a pretrial motion in limine will not preserve an objection if the objection is not renewed at the time the evidence is introduced." *United States v. Nichols*, 169 F.3d 1255, 1264 (10th Cir. 1999). A pretrial motion in limine may be sufficient to preserve an objection, however, if the issue is (1) "fairly presented to the district court;" (2) "the type of issue that can be finally decided in a pretrial hearing;" and (3) "ruled upon without equivocation by the trial judge." *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008).

Without offering any authority to support its argument, State Farm contends the informal and expansive scope of the motion fails to comply with any element of the three-part preservation test. We disagree. Albeit orally conducted, Gribowski squarely presented the issue by "diligently advanc[ing]" his contentions and "fully appris[ing] the trial judge of the issue." *United States v. Mejia-Alarcon*, 995 F.2d

982, 987 (10th Cir. 1993) (quotation omitted). Likewise, both parties received a fair opportunity to argue the motion. *See Richardson v. Mo. Pac. R. Co.*, 186 F.3d 1273, 1276 (10th Cir. 1999). In turn, the narrowly defined ablation evidence was well-suited for a pretrial ruling because "the content of the proposed testimony was straightforward and was fully and accurately described." *United States v. Tenorio*, 312 F. App'x 122, 126 (10th Cir. 2009) (citing *Bedford*, 536 F.3d at 1158) (unpublished disposition cited exclusively for its persuasive value). Finally, the record is clear the district court unequivocally granted the limited use of the ablation evidence for purposes of impeachment. Thus, Gribowski's pretrial motion sufficiently preserved his objection.

Gribowski argues State Farm's use of the RF ablation evidence advanced an improper failure-to-mitigate argument contrary to well-established Colorado law. Put differently, he asserts that absent a failure-to-mitigate defense, the evidence cannot be relevant to the factual dispute at hand.[3] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The "degree of materiality and probativity necessary for evidence to be relevant is

---

[3] In his reply brief, Gribowski further argues that because he exercised a legal right by declining medical treatment, it is against Colorado public policy to produce evidence that would effectively punish him for doing so. This argument was raised for the first time in his reply briefing and, therefore, is treated as waived. *Star Fuel Marts, LLC v. Sam's E., Inc.*, 362 F.3d 639, 647 (10th Cir. 2004) ("Generally, arguments raised for the first time on appeal in an appellant's reply brief are waived.").

minimal and must only provide a fact-finder with a basis for making some inference, or chain of inferences." *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) (quotations and citation omitted). Generally, district courts are granted "broad discretion" when making such relevancy determinations. *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1193 (10th Cir. 2004).

Here, the jury was asked to consider the nature of Gribowski's injuries. Certainly, the RF ablation evidence would have implicated a failure-to-mitigate defense if it was made. State Farm, however, offered the evidence not for mitigation purposes, but to impeach the extent of Gribowski's damages. It is not uncommon for the same evidence to support different arguments. *See, e.g.*, *United States v. Rodella*, 804 F.3d 1317, 1333 (10th Cir. 2015); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1518 (10th Cir. 1995). The record demonstrates the district court considered the duality of the evidence; reasoned it was relevant for a minimally probative purpose; and offered to provide a limiting instruction to dispel any confusion. In doing so, the district court did not exceed the bounds of permissible choice in its evidentiary determination, and it did not otherwise abuse its broad discretion in denying Gribowski's motion in limine.

**IV.    Conclusion**

The judgment of the United States District Court for the District of Colorado is

hereby **AFFIRMED**.


Entered for the Court


Michael R. Murphy
Circuit Judge