**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

PRUDENCE LYNN GONZALES,

     Defendant-Appellant.

No. 10-7099
(D.C. No. 6:10-CR-00030-RAW-2)
(E. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **BRORBY** and **HOLMES**, Circuit Judges.

Following a jury trial in the U.S. District Court for the Eastern District of

Oklahoma, Appellant Prudence Lynn Gonzales was convicted of one count of

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Ms. Gonzales was sentenced to ninety-two months' imprisonment. On appeal,

Ms. Gonzales raises a claim of error related to the district court's failure to give

the jury a "fleeting-possession" instruction. For the reasons that follow, we

affirm.

---

[*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

# I

The Cherokee County Sheriff's Office executed a search warrant at the apartment of Ms. Gonzales and her boyfriend, Gregory Maxwell Lhamon. Ms. Gonzales was not present during the search, but Mr. Lhamon was. After he was advised of his rights, Mr. Lhamon admitted that he had placed a sawed-off shotgun that belonged to him in the trunk of a car parked about fifty feet from the apartment. Mr. Lhamon consented to the officers retrieving the weapon, and they recovered it from the vehicle, using keys that Mr. Lhamon gave to them.

During the search, the officers also reviewed the contents of Mr. Lhamon's cellular phone. The phone contained a photo in which Ms. Gonzales held a black sawed-off shotgun. Ms. Gonzales was arrested, and a federal grand jury returned an indictment charging her with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Ms. Gonzales proceeded to trial before a jury. The parties stipulated to the fact that Ms. Gonzales had been convicted of a felony prior to the date of the search of her home. Ms. Gonzales testified in her own defense, informing the jury that she only posed for the photo because she believed that it was the only way to get Mr. Lhamon to take and keep the gun out of her house. More specifically, she testified that she "took the picture," because Mr. Lhamon said to her, "if you want the gun out of the house, you'll take the picture." R., Vol. II, at 173 (Trial Tr., dated June 17, 2010). According to Ms. Gonzales, she held the

firearm for "[a]bout thirty seconds," *id.* at 175, only "[l]ong enough for that picture," *id.* at 177. During her testimony, when asked by her attorney whether she "wanted to [possess the shotgun]," she said, "No, but I wanted it out of the house." *Id.* at 177. Ms. Gonzales testified that during that interaction with Mr. Lhamon, she felt "threatened a little bit," *id.* at 174, and when asked if she was "frightened [of him]," she said, "Yes," *id.* at 177.

Mr. Lhamon—who previously had pleaded guilty to certain firearms-related offenses arising from the officers' retrieval of the shotgun—also testified at Ms. Gonzales's trial and painted a quite different picture. Mr. Lhamon testified that he and Ms. Gonzales were "just playing" on the night that the photo was taken. *Id.* at 236. He indicated that he did not threaten Ms. Gonzales in any way and did not force her to hold the gun. Mr. Lhamon also testified that he and Ms. Gonzales had never fought about the gun, and he did not recall if she had ever asked him to remove the gun from the apartment.

After the district court presented its proposed jury instructions, Ms. Gonzales objected to the "possession" instruction. Specifically, she "object[ed] to the possession instruction not including [a] paragraph" that "defines a transitory possession" (i.e., fleeting possession).[1] *Id.* at 256–57. The district

_____

[1] In using the term "transitory possession," Ms. Gonzales's intent clearly seems to have been to invoke the concept frequently referred to in our cases as "fleeting possession." Indeed, we appear to have treated these two

(continued...)

-3-

court overruled the objection and stated that it had "looked at that [issue] and [thought] Supreme Court cases subsequent to Tenth Circuit opinions ma[d]e [it] correct" to omit an instruction on transitory or fleeting possession. *Id.* at 257.

Ms. Gonzales was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of imprisonment of ninety-two months. This timely appeal followed.

## II

"We review de novo the jury instructions as a whole and view them in the context of the entire trial to determine if they accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *United States v. Diaz*, 679 F.3d 1183, 1188 (10th Cir. 2012) (quoting *United States v. Bedford*, 536 F.3d 1148, 1152

---

[1](...continued)
concepts as being substantially conterminous. *See United States v. Adkins*, 196 F.3d 1112, 1114–15 (10th Cir. 1999) (discussing the district court's refusal to give defendant's "fleeting possession instruction," which, *inter alia*, spoke of "transitory . . . control of a thing"), *abrogated on other grounds by United States v. Shipp*, 589 F.3d 1084, 1090 n.3 (10th Cir. 2009) (applying the holding of *Chambers v. United States*, 555 U.S. 122 (2009)); *see also United States v. Al-Rekabi*, 454 F.3d 1113, 1127 n.15 (10th Cir. 2006) (noting that "[s]ome courts also refer to the 'fleeting possession' defense as the 'transitory possession' defense"); Tenth Circuit Pattern Criminal Jury Instructions § 1.31 & cmt., at 49–50 (2011) (noting that "momentary or transitory control of an object is not possession" and citing *Adkins*). However, we have observed that, even assuming *arguendo* such a defense is available, "it applies only if the defendant (1) momentarily possessed contraband and (2) either lacked knowledge that he possessed contraband or had a legally justifiable reason to possess it temporarily." *United States v. Washington*, 596 F.3d 777, 782 (10th Cir. 2010).

(10th Cir. 2008)) (internal quotation marks omitted).  "[A] theory of defense instruction is required only if, without the instruction, the district court's instructions were erroneous or inadequate."  *United States v. Williams*, 403 F.3d 1188, 1195 (10th Cir. 2005) (quoting *United States v. Alcorn*, 329 F.3d 759, 767 (10th Cir. 2003)) (internal quotation marks omitted).  "[S]uch an instruction is not required if it would 'simply give the jury a clearer understanding of the issues.'"  *United States v. Bowling*, 619 F.3d 1175, 1184 (10th Cir. 2010) (quoting *Williams*, 403 F.3d at 1195).  "We review the district court's decision to give or to refuse a particular jury instruction for abuse of discretion."  *Diaz*, 679 F.3d at 1188 (quoting *Bedford*, 536 F.3d at 1152) (internal quotation marks omitted); *see United States v. Ransom*, 642 F.3d 1285, 1288 (10th Cir. 2011).

Ordinarily, when a claimed error was not presented to the district court, we consider it forfeited, and it is eligible for no more than plain-error review.  *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) (unpreserved challenge to jury instruction reviewed for plain error, if at all); *see United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (claimed error not raised below reviewed for plain error).  Plain error occurs when "there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Kieffer*, 681 F.3d 1143, 1157 (10th Cir. 2012) (quoting *United States v. Mendoza-Lopez*, 669 F.3d 1148, 1151 (10th Cir. 2012))

(holding that because the defendant did not object to a jury instruction at trial, the alleged error was forfeited and subject only to plain-error review). "An error is 'plain' if it is 'clear or obvious' under 'current, well-settled law.'" *United States v. Thornburgh*, 645 F.3d 1197, 1208 (10th Cir. 2011) (quoting *United States v. Whitney*, 229 F.3d 1296, 1308–09 (10th Cir. 2000)). "In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003).

### III

The gravamen of Ms. Gonzales's defense theory at trial was that she was acting under coercion or duress when she held the firearm. During closing argument, her counsel remarked that "whether or not she was coerced into holding this gun is the key to this case." R., Vol. II, at 289 (Trial Tr., dated June 17, 2010). Her defense counsel asked the jury to "find that she actually was coerced when she held this weapon for the minute amount of time necessary to take that . . . photograph." *Id*. The court did instruct the jury on the defense of coercion or duress. Significantly, Ms. Gonzales does not challenge the propriety of that instruction on appeal. Instead, for the first time, she contends that a fleeting-possession instruction was necessary to support her coercion-or-duress defense and, *for that reason*, the district court erred in not giving the instruction. In particular, although Ms. Gonzales did seek a fleeting-possession instruction from

-6-

the district court, she did not explain that she was doing so to benefit her coercion-or-duress defense. At oral argument, Ms. Gonzales acknowledged that she did not offer such an explanation.[2] Therefore, we review this late-blooming argument for plain error, and we discern none.

In her brief, Ms. Gonzales argues that "the jury should have been allowed to determine if there was any relationship between the momentary nature of her 'possession' of the shotgun and the defense of necessity, upon which the District Court did instruct the jury."[3] Aplt. Opening Br. at 11. The purported supportive

---

[2] During oral argument, Ms. Gonzales's counsel responded, "Yes Judge," when a member of our panel inquired, "[T]he argument is that having a fleeting-possession instruction, *apart from* its independent value, would have reinforced the instruction on coercion or duress—do I understand that correctly?" Oral Arg. at 6:55–7:08 (emphasis added). In other words, Ms. Gonzales acknowledged that she was not pursuing a fleeting-possession defense per se, but rather arguing that a fleeting-possession instruction was legally required under the particular circumstances of her case because it would have bolstered her coercion-or-duress defense. Moreover, when asked whether the proffered argument was made to the district court at all, Ms. Gonzales's counsel candidly conceded, "Judge, I don't think so. . . . I admit that the question below could have been better framed." *Id.* at 7:11–7:21. Later, Ms. Gonzales's counsel reiterated that "it's our contention that the jury was not adequately instructed in this case *because* the element of time, or the element of . . . the briefness of her holding the weapon would have lent credibility . . . or lent force to her coercion instruction." *Id.* at 7:41–7:59 (emphasis added).

[3] Although Ms. Gonzales employs different terminology—using the term "necessity"—we are confident that she meant to refer in her brief to the district court's provision of the coercion-or-duress defense. The district court's written instructions do not include a "necessity" instruction per se (i.e., an instruction bearing that label). And, in the portion of the trial transcript that Ms. Gonzales cites in her brief relative to the quoted sentence (presumably, to support her claim that the instruction actually was given), the district court is orally

(continued...)

-7-

role of the fleeting-possession instruction in Ms. Gonzales's coercion-or-duress defense is more clearly delineated in the remarks of her counsel at oral argument. There, her counsel contended that the fleeting-possession instruction would have been "evidence which would support the coercion instruction." Oral Arg. at 6:00–6:12. Counsel reasoned, "[I]t would have been very useful for the court to instruct the jury that the very short length of time that she held the weapon was an indicia [sic] of her lack of intent." *Id.* at 6:37–6:47. Ms. Gonzales's counsel averred that the district court's failure to provide the fleeting possession instruction undercut the force of her coercion-or-duress defense: "[N]ot instructing the jury that they could consider the length of time . . . for which she possessed the weapon . . . weakened the coercion instruction in this case." *Id.* at

---

[3](...continued) instructing the jury concerning the coercion-or-duress defense. We recognize that the necessity defense—as commonly understood—arguably may cover some of the same substantive terrain. *Compare United States v. Bailey*, 444 U.S. 394, 410–11 (1980) ("Common law historically distinguished between the defenses of duress and necessity. . . . While the defense of duress covered the situation where the coercion had its source in the actions of other human beings, the defense of necessity, or choice of evils, traditionally covered the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils. . . . Modern cases have tended to blur the distinction between duress and necessity." (citation omitted)), *with Black's Law Dictionary* 1130 (9th ed. 2009) (defining "necessity" as "[a] justification defense for a person who acts in an emergency that he or she did not create and who commits a harm that is less severe than the harm that would have occurred but for the person's actions"). But the district court did not give the jury an instruction (by its terms) on the necessity defense, and we submit that such a defense is not the focus of Ms. Gonzales's argument in her brief.

11:44–11:59.

With the contours of Ms. Gonzales's newly minted theory in mind, we conclude that, for at least two reasons, the district court did not plainly err—*viz.*, it did not commit clear or obvious error—in failing to instruct the jury regarding fleeting possession. First, although we have explored the notion of a fleeting-possession defense, heretofore, we have not adopted it. *See*, *e.g., Washington,* 596 F.3d at 782 (acknowledging that this Court has never adopted the defense); *United States v. Baker*, 508 F.3d 1321, 1326 n.2 (10th Cir. 2007) ("We have . . . discussed, but never explicitly recognized, a 'fleeting possession' defense . . . ."); *Al-Rekabi*, 454 F.3d at 1126 (noting that "we have discussed but never applied a fleeting possession defense"). Perhaps more to the point, Ms. Gonzales has not provided us with any authority suggesting that she was entitled to a fleeting-possession instruction in order to bolster her coercion-or-duress defense, nor are we aware of any. Based upon the foregoing alone, the district court's denial of Ms. Gonzales's request for a fleeting-possession instruction could not be deemed contrary to well-settled law (i.e., an instance of clear or obvious error).

Second, we cannot say that the district court would have committed clear or obvious error if it concluded that the arguably brief duration of Ms. Gonzales's possession of the firearm was more properly a subject of argument by counsel—in support of Ms. Gonzales's coercion-or-duress defense—than the subject of a separate instruction. *Cf. Al-Rekabi*, 454 F.3d 1126 (noting that the fleeting-

possession defense "is redundant to the necessity defense"); *United States v. Teemer*, 394 F.3d 59, 63 (1st Cir. 2005) ("This does not mean that brevity . . . must be ignored by a jury in gauging whether intentional possession occurred—merely that brevity alone does not preclude conviction."). Indeed, Ms. Gonzales's counsel did present an argument to the jury about the duration of possession *without* the inclusion of a fleeting-possession instruction. In closing argument, counsel averred that "[Ms. Gonzales] was coerced when she held this weapon for the minute amount of time necessary to take that blasted photograph." R., Vol. II, at 289. In sum, the district court would not have plainly erred in concluding that its coercion-or-duress instruction adequately informed the jury regarding the nature of Ms. Gonzales's theory of defense and that this instruction did not need to be supplemented with a specific fleeting-possession instruction.

## IV

For the foregoing reasons, we conclude that the district court did not plainly err in failing to give a fleeting-possession instruction and **AFFIRM** Ms. Gonzales's conviction.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

-10-