ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL
Scott W. Skavdahl, United States District Judge *1204 This matter comes before the Court on Defendant BNSF Railway Company's Motion for New Trial (Doc. 143), Plaintiff's opposition thereto (Doc. 145), and Defendant's reply (Doc. 146). Having considered the parties' arguments, the record herein, and being otherwise fully advised, the Court finds and concludes the motion should be denied.
BACKGROUND
Plaintiff Allen Buechler brought his action for recovery under the Federal Employers' Liability Act (FELA) on his claim that he suffered on-the-job injuries while working for Defendant BNSF as a locomotive engineer. On October 6, 2016, he and some fellow crewmembers were transported in a motor vehicle operated by Professional Transport, Inc. (PTI) from BNSF's Gillette Depot to the North Antelope Mines, where they would await the BNSF train. PTI was operating as BNSF's agent at all relevant times. Mr. Buechler exited the vehicle and stood behind it while waiting on the train. The vehicle's driver, Robert Bicknese, backed the vehicle into Mr. Buechler and injured him.
The matter was tried to a jury on August 27 through August 31, 2018. The jury returned a verdict finding both parties causally negligent for Mr. Buechler's injuries. (Doc. 139.) The jury apportioned 75% of the fault to BNSF and 25% to Mr. Buechler. (Id. ) The jury determined Mr. Buechler had sustained damages totaling $1,277,000. (Id. ) Accordingly, the Court entered judgment in Mr. Buechler's favor in the final amount of $957,750.00. (Doc. 140.)
BNSF seeks a new trial under Fed. R. Civ. P. 59 for three reasons. First, BNSF contends the Court erred by allowing lay witness testimony on the allocation of fault. Second, BNSF argues the jury instructions failed to adequately instruct the jury on apportioning Mr. Buechler's damages between any preexisting conditions and those caused by the accident. Third, BNSF says the verdict form was incomplete because it did not include a special interrogatory for the jury to apportion Mr. Buechler's damages between any preexisting conditions and those caused by the accident and did not include a special interrogatory allowing the jury to reduce its award for any failure by Mr. Buechler to mitigate his damages.
LAW
Ruel 59(a)(1)(A) permits a trial court to grant a new trial to any party on some or all of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "[W]hen ruling on a motion for a new trial, the court does not view the evidence in the light most favorable to either party; rather, the governing standard is whether 'the claimed error substantially and adversely affected the party's rights.' " Voda v. Medtronic Inc. , 899 F.Supp.2d 1188, 1193 (W.D. Okla. 2012), aff'd , 541 F. App'x 1003 (Fed. Cir. 2013) (quoting Henning v. Union Pacific R.R. Co. , 530 F.3d 1206, 1217 (10th Cir. 2008) ). "The trial court has great discretion in deciding whether to grant such a motion." Id. at 1194.
ANALYSIS
The Court will separately consider BNSF's three asserted bases for a new trial.
1. Admission of Lay Opinion Testimony
BNSF asserts it was error for the Court to admit the lay opinion testimony of BNSF's corporate representative, Chadwick *1205 Hanson. BNSF called Hanson as a witness in its defense at trial. During cross-examination, the plaintiff's counsel asked Hanson if he agreed that BNSF bore the majority of responsibility for the accident at issue. BNSF's counsel "objected to the form of the question." (Doc. 143-1 at p. 1.) The Court overruled that objection. Hanson answered that he agreed BNSF (through the van driver) bore the majority of the fault.
BNSF now contends this testimony was improper lay opinion testimony and should have been excluded at trial. This issue is reviewed for plain error because defense counsel's objection "to the form of the question" did not "state[ ] the specific ground," Fed. R. Evid. 103(a)(1), that would suggest an objection based on improper lay opinion testimony. See United States v. Brooks , 736 F.3d 921, 930 (10th Cir. 2013) (the admission of expert or lay opinion testimony is reviewed for plain error where no contemporaneous objection is made). "The specific ground for reversal of an evidentiary ruling on appeal ... must be the same as that raised at trial." United States v. Ramirez , 348 F.3d 1175, 1181 (10th Cir. 2003) ; see also United States v. Powers , 578 F. App'x 763, 767-68 (10th Cir. 2014) (unpublished) (objections on grounds of speculation, lack of personal knowledge, assuming facts not in evidence, improper hypothetical, and lack of foundation were insufficient to preserve an objection on grounds of improper lay opinion testimony). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Brooks , 736 F.3d at 930 (quoting United States v. Frost , 684 F.3d 963, 971 (10th Cir. 2012) ).
Hanson did not testify as an expert witness. Accordingly, he could only present an opinion that is (1) rationally based on his perception, (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (3) not based on scientific, technical, or other specialized knowledge that would make it an expert opinion. Fed. R. Evid. 701. Hanson's testimony was rationally based on his perception because he was a senior trainmaster with BNSF, which provided him direct knowledge of BNSF's rules, practices, and policies concerning transport van operations, and he testified to this base of knowledge at trial. "[D]ecisions in a number of other circuits explain[ ] that lay witnesses may, consistent with Rule 701(a), testify broadly regarding an employer's practices, policies, and procedures, so long as their testimony is derived from personal knowledge and experience at the business." Powers , 578 F. App'x at 771 (collecting cases). This gave him the foundation necessary to understand whether the driver's actions and/or Mr. Buechler's actions violated BNSF's safety rules and policies, which in turn allowed him to conclude which one bore more fault in causing the accident. Additionally, the challenged testimony was helpful to understanding his testimony and determining a fact in issue, which was the division of fault, particularly in light of the fact that BNSF admitted in opening arguments that the van driver acted negligently and BNSF was liable for any damages caused by that negligence. Finally, Hanson's testimony as to who he felt was more at fault for the accident was based far more on common sense than on scientific, technical, or other specialized knowledge. This testimony did not violate Rule 701 and, consequently, there was no error that was plain. BNSF now regrets the honest answer its corporate representative gave at trial, but that regret does not make the testimony erroneous.
The admission of Hanson's testimony agreeing that BNSF bore the majority of fault for the accident did not constitute plain error and does not support a new trial.
BNSF next complains the jury instructions provided at trial inadequately advised the jury on apportioning damages between those caused by the accident at issue and those attributable to preexisting conditions. The Court instructed the jury on this issue in Jury Instruction # 23 using a lightly-edited version of O'Malley, Grenig & Lee's Federal Jury Practice and Instructions § 155.65 (6th ed. 2012).[1] (Doc. 135 at pp. 2, 31.) The instruction said:
If you find in favor of the Plaintiff, you should compensate him for any aggravation (worsening) of an existing disease or physical defect resulting from the injury sustained in this case. However, the Plaintiff is not entitled to recover for any preexisting condition that was not aggravated by the events in this case.
If you can reasonably apportion damages between those existing before this occurrence and those resulting from this occurrence, then you should compensate the Plaintiff only for those damages caused by this occurrence and not for any preexisting conditions. However, if you cannot reasonably apportion damages between the preexisting condition and the worsening of the preexisting condition caused by this occurrence, then you should compensate the Plaintiff for the entire condition.
(Doc. 135 at p. 31.) BNSF argues this instruction failed to tell "the jury that they did not need to have testimony regarding a specific percentage to be able to apportion between pre-existing conditions and those allegedly caused by the accident." (Doc. 143 at p. 7.) BNSF does not contend the instruction as provided was an inaccurate statement of the law, only that it was incomplete.
This objection was preserved at trial because BNSF offered an apportionment instruction it desired and objected on the record at the instructions conference to the instruction provided by the Court. Jury instructions are reviewed de novo as a whole in the context of the trial to determine if they "accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case." United States v. Crockett , 435 F.3d 1305, 1314 (10th Cir. 2006). Additionally, the trial court's "decision to give or to refuse a *1207 particular jury instruction" is reviewed for an abuse of discretion. United States v. Bedford , 536 F.3d 1148, 1152 (10th Cir. 2008).
BNSF has not identified a single relevant authority that would suggest a jury must be instructed that testimony as to a specific percentage is not required in order to apportion damages between preexisting conditions and those caused by the act at issue. (See Doc. 143 at pp. 6-7; Doc. 146 at pp. 3-6.) BNSF argues
at trial there was no direct discussion of the percentage of the Plaintiff's claimed injury that could be apportioned between pre-existing injuries and those caused by the accident at issue. Without an instruction informing the jury that there was no need for testimony or evidence stating a specific percentage that could be apportioned to the pre-existing injury, the jury may have refused to conduct such an apportionment believing it to be "unreasonable."
(Doc. 146 at p. 4 (emphasis added).) BNSF's argument lacks support. "A jury is presumed to follow its instructions." Weeks v. Angelone , 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000). BNSF has not identified anything to suggest the jury "may have refused" to follow the instruction given by the Court. The very case that BNSF relied upon for its proposed apportionment instruction demonstrates that the jury is capable of following the Court's instructions and apportioning any injuries due to preexisting conditions.
The extent to which an injury is attributable to a preexisting condition or prior accident need not be proved with mathematical precision or great exactitude. The evidence need only be sufficient to permit a rough practical apportionment. Although apportionment may be difficult, like comparative negligence it is a question for which juries are well suited.
Sauer v. Burlington N.R. Co. , 106 F.3d 1490, 1494 (10th Cir. 1996) (internal Citations omitted). Here, there is nothing to conclude the jury was incapable of attributing damages to a preexisting injury, if it was so convinced one existed here. BNSF has not alleged the evidence was insufficient to permit a rough practical apportionment, and the jury was well-suited for such a determination in this case. Absent anything more than BNSF's self-serving conjecture and speculation, the Court cannot find any error of law in its apportionment instruction or abuse of discretion in refusing BNSF's proffered apportionment instruction. A new trial is not warranted on this ground.
Finally, BNSF wanted a verdict form that had a special interrogatory asking the jury to apportion damages between preexisting conditions and those caused by the accident and another special interrogatory asking the jury to reduce any award if they found Mr. Buechler failed to reasonably mitigate his damages. (Do. 143 at pp. 7-8.) As before, BNSF preserved this objection by offering its proposed verdict form and objecting on the record to that provided by the Court. As noted above, the Court instructed the jury as to apportioning damages between those caused by preexisting conditions and those cause by the accident in Jury Instruction # 23. (Doc. 135 at p. 31.) Additionally, the Court instructed the jury on Mr. Buechler's duty to reasonably mitigate his damages and inability to recover any damages resulting from a failure to mitigate in Jury Instruction # 25. (Doc. 135 at p. 34.) BNSF has not challenged the duty to mitigate instruction in this motion for new trial.
The verdict form provided by the Court was based on and built upon Wyoming Civil Pattern Jury Instruction 10.02 (2015). "[T]he particular language used in a verdict *1208 form is within the sound discretion of the court." Johnson v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas , 180 F.Supp.2d 1192, 1201 (D. Kan. 2001), aff'd , 371 F.3d 723 (10th Cir. 2004) (citing Webb v. ABF Freight System, Inc. , 155 F.3d 1230, 1249 (10th Cir. 1998) ). The first four questions asked whether BNSF and Mr. Buechler were negligent and whether that negligence caused injury to Mr. Buechler. (Doc. 139.) The fifth question asked the jury to apportion the percentage of fault between the parties. (Id. ) The sixth and final question asked the jury to identify the amount of money needed to compensate Mr. Buechler for the injuries and damages he sustained "as a result of the October 6, 2016 incident." (Id. ) These questions were considered in combination with the jury instructions that explained negligence and causation (Jury Instruction ## 15, 18, 20), damages (Jury Instruction ## 22, 24, 28), apportionment between preexisting injuries and damages caused by this incident (Jury Instruction # 23), and the prohibition against Mr. Buechler recovering any damages caused by his failure to reasonably mitigate (Jury Instruction # 25).
BNSF's claim that the verdict form required a special interrogatory asking the jury to assign a certain percentage of Mr. Buechler's damages to preexisting conditions (Doc. 143-3 at p. 4) contradicts the Tenth Circuit's statement in Sauer that the "extent to which an injury is attributable to a preexisting condition or prior accident need not be proved with mathematical precision or great exactitude. The evidence need only be sufficient to permit a rough practical apportionment." Sauer , 106 F.3d at 1494. More significantly, though, BNSF has again failed to point the Court to anything that could allow it to infer the jury failed to follow all of the instructions, including those about apportionment and failure to mitigate. And the jury's answers to the questions in the verdict form were consistent with each other and with the instructions provided. The jury was adequately instructed on the applicable law and its answers on the verdict form suggest it followed those instructions in reaching a verdict that is supported by the evidence produced at trial. There simply is nothing to suggest the jury's award failed to account for any preexisting injury or failure to mitigate damages in violation of the clear instructions. A new trial is not warranted. See Hicks v. City of Tuscaloosa , No. 7:13-CV-02063-TMP, 2016 WL 7029829, at *3 (N.D. Ala. May 24, 2016) (unpublished) (denying a new trial where defendant was denied a special interrogatory on the verdict form to specify whether and to what extent the jury found Plaintiff failed to mitigate his damages), aff'd sub nom. Hicks v. City of Tuscaloosa , Alabama, 870 F.3d 1253 (11th Cir. 2017) ; Lawrence v. E.I. du Pont de Nemours & Co. , 226 F. App'x 498, 507 (6th Cir. 2007) (unpublished) (jury instruction on preexisting condition made it clear what the jury could and could not award in the verdict form).
CONCLUSION AND ORDER
BNSF has not established any error that would require a new trial, nor has it provided any reason to believe the jury's verdict is the product of anything but its conscientious application of legally-sufficient jury instructions to the evidence produced at trial.
IT IS THEREFORE ORDERED that Defendant BNSF Railway Company's Motion for New Trial (Doc. 143) is hereby DENIED . A new trial is not warranted under Fed. R. Civ. P. 59(a)(1)(A) based on the grounds advance by BNSF.
The Court edited the wording of the instruction by incorporating more "plain English." The Court did not intend to modify the substance of the instruction from the federal pattern, and neither party contends the edits substantively changed the instruction.